UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV39 LMB |
| | ) | |
| HAROLD BUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Charles McCoy for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under the Fair Housing Act and Title VI of the Civil Rights Act of 1964. Named as defendants are Harold Bush, Lisa Griffin, Sandy Slade, and Jennifer Unknown.

Plaintiff alleges that he leased a residence from defendant Griffin. Plaintiff claims that Griffin initially led him to believe that his rent would be $49 per month, but plaintiff says that Griffin later told him that there was a computer error and his rent was actually $133 per month. Plaintiff asserts that he told Griffin he could not pay that amount. Plaintiff claims that he refused to sign the lease contract, and he says that Griffin told him she would "have to stop payments."

Plaintiff asserts that he complained to defendants Bush and Jennifer Unknown about the issue but that they did not help him.

**Discussion**

The Fair Housing Act makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of race, color, religion, sex, familial status, national origin, or handicap.  42 U.S.C. § 3604(b), (f).  In this action, plaintiff has not alleged that he was discriminated on the base of his race, color, religion, sex, familial status, national origin, or handicap.  As a result, the complaint fails to state a claim under the Fair Housing Act.

To establish a prima facie case under Title VI, a plaintiff must demonstrate that her race, color, or national origin was the motive for the alleged discriminatory conduct. See Thompson v. Bd. of Special Sch. Dist. No. 1, 144 F.3d 574, 578–79 (8th Cir.1998).  Again, plaintiff has not made any such allegations, and the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  20th  day of March, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE